IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

KAREN GWEN JONES                                                    PLAINTIFF

v.                        Civil No. 3:14-CV-3074-MEF

CAROLYN COLVIN, Commissioner
Social Security Administration                                       DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Karen Jones, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. § 423(d)(1)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff filed her application for DIB on July 31, 2012, alleging an onset date of February 27, 2012, due to a leg injury, back pain, stage two kidney disease, and fatigue. Tr. 53, 64, 161-162, 174, 183, 190. The Commissioner denied Plaintiff's applications initially and on reconsideration. Tr. 74-76, 81-82. An Administrative Law Judge ("ALJ") held an administrative hearing on February 6, 2013. Tr. 26-51. Plaintiff was present and represented by counsel.

At the time of the hearing, the Plaintiff was 48 years old. Tr. 31. She possessed a high school education and past relevant work ("PRW") experience as a babysitter and hospital cleaner. Tr. 20, 31, 35, 163, 166-172, 175.

On March 14, 2013, the ALJ found Plaintiff's degenerative disk disease ("DDD") at the L4-5 level and comminuted fracture of the left tibia status post open reduction internal fixation

were severe, but did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. Tr. 16. After partially discrediting her subjective complaints, the ALJ determined the Plaintiff retained the residual functional capacity ("RFC") to perform light work with a sit/stand option. Tr. 17. With the assistance of a vocational expert, The ALJ then found Plaintiff could perform work as a cashier and machine tender. Tr. 21.

The Appeals Council denied review on May 30, 2014. Tr. 1-4. Subsequently, Plaintiff filed this action. ECF No. 1. This case is before the undersigned by consent of the parties. ECF No. 7. Both parties have filed appeal briefs, and the case is now ready for decision. ECF Nos. 10, 12.

## II.     **Applicable Law:**

This court's role is to determine whether substantial evidence supports the Commissioner's findings. *Vossen v. Astrue*, 612 F.3d 1011, 1015 (8th Cir. 2010). Substantial evidence is less than a preponderance but enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Teague v.* Astrue, 638 F.3d 611, 614 (8th Cir. 2011). We must affirm the ALJ's decision if the record contains substantial evidence to support it. *Blackburn v. Colvin,* 761 F.3d 853, 858 (8th Cir. 2014). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. *Id.*

A claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A Plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. § 404.1520(a)(4). Only if he reaches the final stage does the fact finder consider the Plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § 404.1520(a)(4)(v).

**III.    Discussion:**

Of particular concern to the undersigned is the absence of an RFC assessment in the record. The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001). Adequate medical evidence must therefore exist that addresses the claimant's ability to function

in the workplace. *See Lewis v. Barnhart*, 353 F.3d 642, 646 (8th Cir. 2003). The ALJ is not at liberty to make medical judgments regarding the ability or disability of a claimant to engage in gainful activity where such inference is not warranted by the clinical findings. *McGhee v. Harris*, 683 F. 2d 256 (8th Cir. 1982).

In the present case, records establish a history of degenerative disk disease of the lumbar spine at the L4-5 level, hyperlordosis of the thoracolumbar spine due to the excessive weight of the Plaintiff's breasts, and obesity. Tr. 251. In February 2012, she sustained a fracture to her left tibia when she fell from a ladder at work. Tr. 253-261. She underwent immediate external fixation of her left tibia, with open reduction and internal fixation in March 2012. Tr. 234, 262-280. In spite of some continued sensory deficits and pain, the surgeon discharged her with no permanent restrictions in September 2012. Tr. 227-229, 235, 282-294.

In May 2013, less than two months following the entry of the ALJ's decision[1], Dr. Terry Sites referred her to Dr. Michael Morse's office. She complained of leg pain and numbness from the knee down the lateral aspect of the leg to the sole of her foot and into the left fourth and fifth digits. Tr. 8-10. An examination revealed decreased pin and temperature sensation in the left lateral leg, fourth and fifth toes, and the sole of her foot. The left ankle jerk was also absent, suggesting either sciatic neuropathy or S1 radiculopathy. Noting her history of back problems, Dr. Morse ordered nerve conduction studies. The record does not, however, include the results of this test.

Further, the record does not contain an RFC assessment from either a treating or non-examining consultant, providing the ALJ with guidance as to the work-related limitations imposed

---

[1] When the Appeals Council denies review of an ALJ's decision after reviewing new evidence, "we do not evaluate the Appeals Council's decision to deny review, but rather we determine whether the record as a whole, including the new evidence, supports the ALJ's determination." *McDade v. Astrue*, 720 F.3d 994, 1000 (8th Cir. 2013) (quoting *Cunningham v. Apfel*, 222 F.3d 496, 500 (8th Cir. 2000)).

by the Plaintiff's combined impairments. Accordingly, we must remand the matter to allow the ALJ to obtain such an assessment.

On remand, we direct the ALJ to develop the record with regard to the nerve conduction studies ordered by Dr. Morse, and to obtain an RFC assessment. If Dr. Morse refuses to complete an assessment, then the ALJ should order a consultative orthopedic examination, complete with such an assessment.

It also appears that Dr. Terry Sites referred the Plaintiff to Dr. Morse for evaluation. There are, however, no records from Dr. Sites in the record. On remand, we further direct the ALJ to develop the record with regard to treatment notes from Dr. Sites.

**V.    Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 10th day of August, 2015.

/s/ *Mark E. Ford*
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE